HEARD NOVEMBER TERM, 1872.

## SUMTER vs. DESCHAMPS.

The charter of the town of Sumter, providing that the certificate of the Public Weigher should, in case of dispute, be conclusive evidence of the weight of cotton and other articles sold by weight, and that the public scales should be the standard to which all others in the town should conform, *held* that the Town Council could not, by ordinance, require all persons, under a penalty, to have their cotton brought to the town for sale weighed by the Public Weigher.

BEFORE MELTON, J., AT SUMTER, JANUARY TERM, 1872.

On September 28, 1871, the Town Council of the town of Sumter passed an Ordinance entitled "An Ordinance, under the 27th Section of the Act approved March 9, 1871, authorizing the Intendant and Wardens to appoint one or more Public Weighers," the 8th Section of which was as follows:

" That all persons bringing cotton, lint or seed, (packed or unpacked) to this market for sale, shall be required to have the same weighed by the Public Weigher before such sale is effected, and for every violation of this Section shall, upon conviction before the Town Council, be subject to a fine of not less than $10 and not more than $50 for each offense."

W. F. Deschamps, a non-resident of the town, having violated the said Section, was fined by the Town Council in the sum of $50. He refused to pay the fine, on the ground that the Town Council had no power under the charter of the town to pass the Ordinance. The town of Sumter then brought an action against him, before Trial Justice Charles M. Hurst, Esq., to recover the said fine. The Trial Justice gave judgment against him, and he appealed to the Circuit Court.

His Honor the Circuit Judge held that the charter of the town did not confer on the Council power to pass the Ordinance under which the fine was imposed, and he ordered judgment to be entered for defendant.

The town of Sumter appealed.

*J. S. G. Richardson,* for appellant:

1. The power to pass the Ordinance in question exists at the common law, and is not taken away by the charter.—*Chamberlain of London's Case,* 5 Co., 62; A. and A. on Corp., 83; 1 Bl. Com., 475-6.

2. The distinction is between Ordinances in restraint of trade and Ordinances to regulate trade. The former are void unless it appear that they are reasonable and beneficial to the public. The latter are always valid unless forbidden by the Constitution or some statute law—in such case the question of expediency, or, in other words, whether they are reasonable and beneficial to the public, being for the Council and not for the Court.—See case above cited; Grant on Corp., 83, 84; *Winnsborough* vs. *Smart*, 11 Rich., 551.

3. The Ordinance in question is clearly not in restraint, but merely in regulation of trade.

4. There is not only nothing in the Constitution either of the United States or of the State, in the charter of the town, or in any general written law, which forbids the Ordinance in question, but the power to pass it is conferred by the charter.—See Act of 1866, § 11, 13 Stat., 454; Act of 1871, §§ 26, 27, 28, 30, 14 Stat., 629, 630. These Sections give the Council power to pass all such Ordinances as they may deem proper relative to the "markets and police" of the town, and the "quietude, peace, safety and good order of the inhabitants thereof, not inconsistent with the Constitution and laws of the State," and to establish public scales "for weighing cotton and other articles sold by weight," and to "appoint one or more public weighers." For the whole charter see Acts cited, and Act 1870, 14 Stat., 357. The Ordinance in question not being in violation of any positive written law, who but the Council have the right to determine whether it be not proper, or whether it is not expedient, or even necessary, in order to preserve the peace, safety and good order of the inhabitants.

5. Under an Act empowering the city of New York to appoint Weigh Masters, the Council passed an Ordinance requiring, under a penalty, all coal to be weighed by the Weigh Masters before sale. In an action to recover the penalty the Ordinance was held valid.— *Stokes* vs. *The Corporation of New York*, 14 Wend., 87. In the Chamberlain of London's Case, the Ordinance required all persons having broad cloth for sale, to take it, under a penalty, to Blackwell Hall, to be viewed and searched. Ordinance held valid. In *Winnsborough* vs. *Smart*, the Ordinance required all beef to be sold at the market. Ordinance held valid. In this last case it was said that the question of expediency is for the Council and not for the Court.

6. For other authorities bearing more or less upon the case, see

A. & A. on Corp., 330: *City Council* vs. *Ahrens*, 4 Strob., 256; *City Council* vs. *Pepper*, 1 Rich., 356; *City Council* vs. *Benjamin*, 2 Strob., 521; *Kennedy* vs. *Sowden*, 1 McM., 323; *Crosby* vs. *Warren*, 1 Rich., 385.

*Moise*, contra, contended that the Intendant and Wardens of the town of Sumter had no authority to pass and enforce the eighth Section of the Ordinance entitled " An Ordinance, under the twenty-seventh Section of the Act approved March 9th, 1871, authorizing the Intendant and Wardens to appoint one or more Public Weighers," ratified 28th September, 1871, (See Act of incorporation for the town of Sumter, twenty-seventh and twenty-eighth Sections Acts of 1871, 14 Statutes, 631 and 632,) the true intent of the Legislature being to provide standard scales, or scales of reference, and no more; that such Ordinance was and is repugnant to law, to common right, restrictive of trade, contrary to public policy, unjust, unwise and oppressive.—A. & A. on Corp., 275, 276, 279, 280, 282.

May 23, 1873. The opinion of the Court was delivered by

WRIGHT, A. J. This case involves the power of the Town Council of Sumter to pass the eighth Section of an Ordinance, ratified on the twenty-eighth day of September, 1870, entitled " An Ordinance, under the twenty-seventh Section of the Act approved March the 9th, 1871, authorizing the Intendant and Wardens to appoint one or more Public Weighers," which Section is in the following words: " That all persons bringing cotton, lint or seed, (packed or unpacked) to this market for sale, shall be required to have the same weighed by the Public Weigher before such sale is effected, and for every violation of this Section shall, upon conviction before the Town Council, be subject to a fine of not less than $10 and not more than $50 for each offense." The right to pass it is claimed as incident to the corporation at common law, and not forbidden by the charter. This was last granted by the Act of 1871, which is found in the 14 Stat., 629. By the twenty-sixth Section of the said Act the Intendant and Wardens were authorized " to establish and keep up one or more public scales or scale houses, with proper scales and weights for weighing cotton and other articles sold by weight, by and at the expense of the said town." By the twenty-seventh Section they were authorized to appoint Public Weighers, "and when reference is had to any of the public scales, on the same day

that the contract of sale is made, the certificate of the Public Weigher shall be conclusive evidence of the weight of the cotton, or any other article sold by weight in any Court of Justice in which an action shall be pending, touching the weight of any such article, and the said Intendant and Wardens are authorized to assess a sum not exceeding ten cents on each bale of cotton, and a proportional sum on other articles weighed, to be paid by the seller, for the use of the said town."

By the " twenty-eighth Section, the public scales and weights so established shall be the standard to which all others in the said town shall conform, and if any person shall use, in weighing any article whatsoever sold in said town, weights and scales differing from the said standard, such person, on conviction in the Court of Sessions for Sumter County, shall be fined and imprisoned at the discretion of the Court." The right to pass the said Ordinance might have been exercised by the Council under its common law powers, or referred to the grant in the charter which authorizes the passage of all such Ordinances as they may deem proper in relation to the " police " of the town, and the " quietude, peace, safety and good order of the inhabitants thereof, not inconsistent with the Constitution and laws of the State," if the provision in the charter in regard to the estab-lishment of " public scales or scale houses " had not designated the purpose for which they were to be used, in language of such a character as to forbid the idea of the preclusion of the sale of all articles sold by weight in the said town unless first weighed by the public scales. The object of their establishment is fixed and pre-scribed by the charter, and cannot, therefore, be so enlarged as to include the power now claimed by the Council. If they have the right to pass this Section, why may they not extend it so as to in-clude every pound of sugar, coffee, tea, lard or any other article sold by weight in the town of Sumter? It cannot be contended that the Legislature proposed any such power, for its exercise would then operate as a restraint, instead of a regulation of trade. What is there in the charter to show that it must be confined to the article of cotton? A power fraught with such prejudicial consequences to the trade of the town should not depend for its existence on im-plication, unless it is plain and unavoidable.

The right conferred by the charter was to secure a true standard for the weight of all articles (usually sold by weight) where the parties, seller and buyer, could not thereon agree. It was to place

in the power of all who might require its use a regulating medium through which the true weight could be ascertained. They were intended to be scales of reference, and " the certificate of the public weigher was to be conclusive evidence of the weight of the article sold, in any Court of justice, &c."

They were to be the standard to which all others in the said town were to conform, and a party using any different from them was made liable to fine and imprisonment on conviction in the Court of Sessions. We cannot see that the corporation had the right to pass the said Section of the said Ordinance, and the motion to reverse the judgment of the Circuit Court is dismissed.

*Moses,* C. J., and *Willard,* A. J., concurred.